**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARNELL LAWSON,<br><br>            Plaintiff,<br><br>     v.<br><br>CHRISTOPHER et al.,<br><br>            Defendants. | Case No. 2:21-cv-02883-SVW (MAA)<br><br>**ORDER OF DISMISSAL** |

**I.     SUMMARY OF PROCEEDINGS**

On April 2, 2021, Plaintiff Karnell Lawson ("Plaintiff"), a California state inmate proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (ECF No. 1.) On April 6, 2021, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. (ECF Nos. 2, 4.)

On April 21, 2021, the Court issued an Order Dismissing Complaint With Leave to Amend. (ECF No. 6.) On November 22, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (FAC, ECF No. 14.)

On December 16, 2021, the Court issued an Order Dismissing First Amended Complaint With Leave to Amend ("Order"). (Order, ECF No. 15.) The Order

1  dismissed the FAC and ordered Plaintiff to, no later than **January 17, 2022**, either
2  file a Second Amended Complaint ("SAC") or advise the Court that Plaintiff no
3  longer intends to pursue this lawsuit. (*Id.* at 2.) The Court "**advised that failure to**
4  **comply with this order will result in a recommendation that the lawsuit be**
5  **dismissed without prejudice for failure to prosecute and/or comply with court**
6  **orders**. *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id.*)
7       At that time, Plaintiff's address on file with the Court was Wasco State Prison
8  ("WSP"), while the address on the FAC was California Substance Abuse Treatment
9  Facility and State Prison ("SATF"). (ECF No. 16.) Thus, on December 16, 2021,
10 the Court issued an order reminding Plaintiff of his obligation, pursuant to Central
11 District of California Local Civil Rule 41-6, to keep the Court apprised of any
12 change of address. (*Id.*) The Court also ordered Plaintiff to submit a notice of
13 change of address to the Court if Plaintiff no longer was at Wasco, and directed the
14 Clerk to send that order and the Order dismissing the FAC to both Wasco and SATF.
15 (*Id.*) On December 20, 2021, the Clerk changed Plaintiff's address on the case
16 docket to SATF.
17      On February 18, 2022, in the absence of a response to the Order, the Court
18 issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause by **March**
19 **21, 2022** why the Court should not recommend that the case be dismissed for want
20 of prosecution and for failure to comply with Court orders. (OSC, ECF No. 17.)
21 The OSC stated that if Plaintiff filed a SAC or a Notice of Dismissal on or before
22 that date, the OSC would be discharged. (*Id.*) The OSC "**advised that failure to**
23 **comply with this order will result in a recommendation that the lawsuit be**
24 **dismissed for failure to prosecute and/or comply with court orders.** *See* **Fed. R.**
25 **Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id.*)
26      To date, Plaintiff has failed to file a SAC or respond to the Order or OSC.
27 Indeed, Plaintiff has not communicated with the Court since filing the FAC on
28 ///

2

November 22, 2021. Finally, the Court has not received any document sent to Plaintiff as undeliverable return mail from the U.S. Postal Service.

## II. LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

## III. ANALYSIS

### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a SAC, has failed to respond to the Order and OSC, and otherwise has not participated in this lawsuit since November 22, 2021. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

period of delay can be endured before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff continuously has refused to file a SAC, respond to the Order and OSC, or communicate with the Court, without explanation. As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court warned Plaintiff that failure to respond to the Order and OSC would result in a recommendation that the action be dismissed for failure to

prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). (Order; OSC.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). In addition, the Court extended Plaintiff's deadline to file a SAC or file a Notice of Dismissal from January 17, 2022 to March 21, 2022. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to file a FAC or otherwise respond to the Order or OSC. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Plaintiff's failure to file a SAC or otherwise respond to the Order or OSC, and failure to otherwise participate in this lawsuit since November 22, 2021, constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits

6

weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV.   CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

DATED:  April 25, 2022

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE